UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROBBINS & MYERS, INC., <br>                              Plaintiff, <br>     v. <br> J.M. HUBER CORPORATION and <br> H. MILTON HOFF, <br>                              Defendant | **DECISION and ORDER** <br><br> 01-CV-201S(F) |

---

APPEARANCES:         THOMPSON, HINE LLP
                                Attorneys for Plaintiff
                                LESLIE W. JACOBS, of Counsel
                                3900 Key Center
                                127 Public Square
                                Cleveland, Ohio    44114-1291

                                HODGSON RUSS LLP
                                Attorneys for Plaintiff
                                JEFFREY C. STRAVINO, of Counsel
                                The Guaranty Building, Suite 100
                                140 Pearl Street
                                Buffalo, New York    14202-4040

                                DAY PITNEY, LLP
                                Attorneys for Defendants
                                DAVID S. SAGER, of Counsel
                                Post Office Box 1945
                                Morristown, New Jersey    07962-1945

                                PHILLIPS LYTLE LLP
                                Attorneys for Defendants
                                EDWARD S. BLOOMBERG, of Counsel
                                3400 HSBC Center
                                Buffalo, New York    14203

By papers filed July 16, 2008 (Doc. No. 182) Defendants move to compel production of (1) Plaintiff's documents relating to Plaintiff's knowledge of "the Off-Specification Closure" issue prior to sale of Defendants' FCE unit to Plaintiff, (2)

Plaintiff's insurance documents relating to losses or potential losses arising from any off-specification closures, and (3) permitting additional discovery by Defendants directed to locating Defendant Hoff's employment file and outside counsel letter opining on potential negligence by Plaintiff's attorneys in connection with Plaintiff's purchase of the FCE unit.

At oral argument on Defendants' motion conducted August 20, 2008 (Doc. No. 192) the court directed Plaintiff to submit the disputed documents described in Plaintiff's privilege log for *in camera* review and reserved decision. Such documents were received by Plaintiff's letter dated August 26, 2008 (Doc. No. 193). As to Defendants' requests for production of Plaintiff's insurance documents, Defendants' motion was GRANTED. The court also GRANTED Defendants' request for additional discovery directed to Defendant Hoff's employment file and Plaintiff's outside counsel's opinion letter. Doc. No. 192.

Based on the court's review of the 36 documents submitted by Plaintiff for *in camera* review and the argument presented by Defendant in support of the motion and Plaintiff's opposition, Defendants' motion seeking production of the documents is GRANTED.

Although the court's review of the documents show that a number of the documents constitute communications from Plaintiff to its attorneys or from its attorneys to Plaintiff in connection with the intended acquisition of FCE, including documents and notes created by Mr. Rigot, Plaintiff's general counsel and corporate secretary, which might otherwise qualify as privileged communications, based on Defendants' contention, Defendants' Memorandum in Support of Defendants' Motion (Doc. No. 182)

2

at 6-7, that discussion by Rigot during his deposition on the question of potential business and legal difficulties for Plaintiff used by the Off Specification Closures pre-acquisition issue, as well as the deposition testimony of Kevin Brown, Plaintiff's comptroller at the time of the contemplated acquisition of FCE, Defendant's Reply Memorandum at 3 (citing Exhibit A to Declaration of Paul R. Marino, in Support of Defendants' Motion (Doc. No. 189), the court finds a subject-matter waiver by Plaintiff of any such privilege occurred based on the deposition testimony of both Mr. Rigot and Mr. Brown describing the nature of such communications.  *See Bowne of New York City, Inc. v. AmBase Corporation*, 150 F.R.D. 465, 479 (S.D.N.Y. 1993) (noting, in diversity action, absence of New York caselaw on point but holding subject-matter waiver of attorney-client privilege occurs where holder of privilege discloses a "significant part of the matter or communication.") (citing authorities).[1]

Here, Rigot's and Brown's deposition testimony refers to various considerations, both legal and business in nature, related to Plaintiff's awareness and assessment of the Off-Specification Closure issue as it relates to Plaintiff's planned acquisition of FCE. Accordingly, such disclosures by Plaintiff's key principals constitute a subject-matter waiver of any attorney-client privilege otherwise applicable to the documents at issue. Further, based on the court's inspection, as none of the disputed documents appears to have been created in anticipation of litigation or trial, no work-production protection pursuant to Fed.R.Civ.P. 26(b)(2)(A) is available to avoid production.

---

[1] Although because in this diversity case alleging claims arising under Texas anti-business fraud law, Texas law would apply to the privilege issue under Fed.R.Evid. 501, the parties have by consistent reference to New York law, effectively stipulated to apply New York law to this issue.  *See also* VERNON'S TEXAS RULES OF EVIDENCE Rule 511 (attorney-client privilege waived if holder of privilege "voluntarily discloses . . . any significant part of the privileged matter.")

## CONCLUSION

Based on the foregoing, Defendants' motion directed to the documents withheld by Plaintiff based on attorney-client privilege or work product protection is GRANTED. Plaintiff shall serve copies of such documents **not later than 20 days** following service of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2009
      Buffalo, New York