UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBBINS & MYERS, INC.,

                              Plaintiff/                    **DECISION**
                    Counterclaim Defendant,                 **and**
                                                            **ORDER**
          v.
                                                     **01-CV-00201S(F)**
J.M. HUBER CORPORATION and
H. MILTON HOFF,

                    Defendants/Counterclaimants/
                         Third-Party Plaintiffs,

          v.

ROBBINS & MEYERS ENERGY SYSTEMS, INC.,

                         Third-Party Defendant.
_____


APPEARANCES:          THOMPSON HINE LLP
                      Attorneys for Plaintiff/Counterclaim Defendant
                        And Third-Party Defendant
                      LESLIE W. JACOBS,
                      MATTHEW E. LIEBSON,
                      KENNETH G. COLE, and
                      LUKE L. DAUCHOT, of Counsel
                      3900 Key Center
                      127 Public Square
                      Cleveland, Ohio 44114-1291

                      HODGSON RUSS LLP
                      Attorneys for Plaintiff/Counterclaim Defendant
                        And Third-Party Defendant
                      JEFFREY C. STRAVINO, and
                      ROBERT J. LANE, JR., of Counsel
                      The Guaranty Building, Suite 100
                      140 Pearl Street
                      Buffalo, New York 14202-4040

PITNEY DAY LLP
Attorneys for Defendants/Counterclaimants/
 Third-Party Plaintiffs
DAVID S. SAGER,
DENNIS LaFIURA, and
ELIZABETH J. SHER, of Counsel
P.O. Box 1945
Morristown, New Jersey 07962-1945

PHILLIPS LYTLE LLP
Attorneys for Defendants/Counterclaimants/
 Third-Party Plaintiffs
EDWARD S. BLOOMBERG, of Counsel
3400 HSBC Center
Buffalo, New York 14203

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny on December 5, 2007, for determination of non-dispositive motions. The matter is presently before the court on Defendants' motions for sanctions (Doc. No. 247), filed September 18, 2009, and for sanctions and to extend discovery (Doc. No. 275), filed February 24, 2010 ("Defendants' Motions").

## BACKGROUND and FACTS[1]

Plaintiff Robins & Myers, Inc. ("R&M" or "Plaintiff"), commenced this fraud action on March 22, 2001, seeking to recover monetary damages allegedly incurred by R&M in connection with its 1997 purchase of Flow Control Equipment, Inc. ("FCE"), a manufacturer of, *inter alia*, "closures" used in certain tubes, such as boilers, pressure vessels, and oil and gas pipelines, to provide cleaning and maintenance access inside

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

pipelines.  The purchase was pursuant to a November 20, 1997 Stock Purchase

Agreement ("the Stock Purchase Agreement"), and the sale was finalized on December

20, 1997.  At the time of purchase, FCE was a wholly-owned subsidiary of Defendant

J.M. Huber Corporation ("Huber"), and Defendant H. Milton Hoff ("Hoff"), was FCE's

president.  R&M's primary legal negotiator of the Stock Purchase Agreement was

Joseph Rigot, Esq. ("Rigot"), a partner with the law firm Thompson Hine LLP

("Thompson Hine"), and who also serves as R&M's inside general counsel.  While

negotiating the Stock Purchase Agreement, Huber made various representations to

R&M and Rigot regarding FCE's outstanding liabilities, including that FCE had used a

lower quality steel forgings than specified in the manufacture of some closures ("the

Off-Specification Closures"), which had been sold to R&M custumers, some of whom

could not be traced.  FCE's use of the wrong steel forgings was attributed to the forging

supplier's error.  The parties dispute whether the full extent of the Off-Specification

Closures sold was disclosed to Plaintiff prior to its purchase of FCE.  Following its

purchase, R&M changed FCE's name to Robbins & Meyers Energy Systems, Inc.

("R&MES").  On October 26, 2001, Defendants commenced a third-party action against

R&MES, R&M legal counsel Thompson Hine, and Berkely Forge and Tool, Inc.

("Berkeley Forge")  (together, Third Party Defendants").[2]

        The instant motions concern a letter drafted on May 18, 2000 by one Gary R.

Owens, Esq. ("Owens"), of the Philadelphia law firm Swartz Campbell LLC ("Swartz

---

[2] Berkley Forge is one of the suppliers who allegedly provided the off-specification steel used in the manufacture of the Off-Specification Closures.  In a Memorandum and Order filed October 28, 2005 (Doc. No. 134), all claims asserted against Berkley Forge were dismissed.

Campbell" or "outside counsel"), whose legal advice R&M sought in connection with its own investigation into whether Thompson Hine was negligent in its representation of R&M regarding the Off-Specification Closures issue. In a February 26, 2004 deposition of one Kevin Brown ("Brown"), R&M's controller at the time of R&M's acquisition of FCE, Brown testified regarding communications with Rigot regarding the Off-Specification Closures issue prior to the purchase.

Although fact discovery initially closed on March 5, 2004 (Doc. No. 64), Plaintiff filed an Amended Complaint on April 28, 2004 (Doc. No. 95) ("Amended Complaint"), containing new asserted allegations, claims and requests for relief which necessitated additional discovery, including further depostions. Defendants first learned of the so-called "Outside Counsel Letter" on May 1, 2008, during the deposition of Rigot, whom the R&M Parties designated as their corporate representative in this matter in accordance with Fed.R.Civ.P. 30(b)(6). Because the Outside Counsel Letter summarizes the legal advice Owens gave to R&M regarding Thompson Hine's potential negligence, Defendants maintain the Outside Counsel Letter create a conflict of interest as to Thompson Hines's representation of the R&M Parties in this action given that Defendants have asserted such alleged negligence as an affirmative defense.

The Outside Counsel Letter initially was the subject of motions filed on June 4, 2008 by R&M and R&MES (together, "R&M Parties"), for a protective order (Doc. No. 166) and by Defendants to compel its production (Doc. No. 167 ¶ 5) ("Defendants' first motion to compel). Following oral argument on the motion, the undersigned granted Defendants' first motion to compel, and ordered R&M Parties to disclose the Outside Counsel Letter. June 19, 2008 Minute and Order (Doc. No. 179). No appeal of this

order was taken by the R&M Parties.

On July 14, 2008, the R&M Parties produced a letter from outside counsel regarding the potential negligence of Thompson Hine. Doc. No. 182-2 at 15. According to Defendants, the letter indicated the existence of additional correspondence and documentation ("collateral communications") pertaining to Thompson Hine's potential negligence, and, at a deposition of Rigot as the R&M Parties' representative, Rigot was unable to state whether he was sure the letter produced on July 14, 2008 was, in fact, the Outside Counsel Letter, and was instructed by the R&M Parties' legal counsel not to answer Defendants' question as to whether any other letters prepared by counsel regarding Thompson Hine's potential negligence had been prepared by counsel. *Id*. at 15-16.

On July 16, 2008, Defendants moved to compel seeking the collateral communications, including additional communications between R&M and Swartz Campbell and discovery directed to locating the Outside Counsel Letter (Doc. No. 182) ("Defendants' second motion to compel"). The R&M Parties opposed the motion, maintaining Rigot had testified that he believed the letter produced on July 14, 2008 was the Outside Counsel Letter, and that Rigot was properly instructed not to respond to Defendants' query regarding the existence of other collateral communications between R&M and its outside counsel on other issues. Doc. No. 188 at 9-10. Defendants, however, argued that the R&M Parties' asserted privilege regarding the subject matter of the Outside Counsel Letter was waived when Rigot gave deposition testimony on May 1, 2008 regarding the advice R&M's outside counsel, Swartz Campbell, provided to the R&M Parties about Defendants' claims against Berkeley

Forge and Thompson Hine. Doc. No. 189 at 7-8. Defendants also argued the R&M Parties waived any privilege that would apply to Rigot's communications with the R&M Parties on the issue of the Off-Specification Closures when former R&M controller Brown testified at a deposition in February 2004 as to Brown's conversations with Rigot regarding the Off-Specification Closures prior to R&M's purchase of FCE, yet the R&M Parties continued to refuse to produce the collateral communications including, for example, a November 18, 1997 memo from Rigot to Brown regarding the FCE acquisition. *Id*. at 3-4. Following oral argument on Defendants' second motion to compel conducted on August 20, 2008, the undersigned granted the motion with regard to Defendants' request for an extension of discovery to permit follow-up discovery, including supplemental deposition testimony of Rigot, or anyone with knowledge of the Outside Counsel Letter, but reserving decision as to whether the R&M Parties had waived subject matter privilege for the Outside Counsel Letter. August 20, 2008 Minute and Order (Doc. No. 192). The R&M Parties did not appeal this order.

On November 24, 2008, Defendants again moved to compel production of all collateral communications relating to the Outside Counsel Letter (Doc. No. 217) ("Defendants' third motion to compel"). In support of the motion, Defendants argued that because the collateral communications were prepared in the context in which R&M and Thompson Hine are adversaries, the attorney-client privilege did not shield such communications from disclosure, and that the R&M Parties, by giving deposition testimony about the collateral communications, had waived any privilege that could otherwise have been asserted with regard to the collateral communications. Doc. No. 217-2 at 4-5. The R&M Parties opposed Defendants' third motion to compel on the

basis that the court's two previous orders regarding the Outside Counsel Letter pertained only to the Outside Counsel Letter itself, but not to R&M's collateral communications with outside counsel, the collateral communications are privileged as attorney work product, as not been waived, and such communications are irrelevant to this action, other than to a questionable affirmative defense asserted by Defendants that the negligence of R&M's legal counsel in negotiating the purchase of FCE bars the Complaint.  Doc. No. 224 at 2-7.

At oral argument on Defendants' third motion to compel, held December 17, 2008, the undersigned specifically found either no attorney-client relationship existed when the collateral communications were created because of an adversarial relationship between R&M and Thompson Hine, or that the subject matter of the Outside Counsel Letter has, by Rigot's deposition testimony, been waived as to both the Outside Counsel Letter and the collateral communications.  Revised Transcript of December 17, 2008 Proceedings (Doc. No. 229), at 72-76.  Further, to the extent that any of the subject communications were in Thompson Hine's possession, because the communications were created at the request of R&M by Swartz Campbell, the court found such communications were shared with a third-party, thereby destroying their confidentiality. *Id*. at 76-77.  Following oral argument on December 17, 2008, the undersigned granted Defendants' third motion to compel.  December 17, 2008 Minute and Order (Doc. No. 226).  As such, all collateral communications were ordered to be produced within ten days.  *Id*.

On January 5, 2009, the R&M Parties filed objections to the December 17, 2008 Order, arguing the court's conclusion that the previously compelled production of the

Outside Counsel Letter constituted a subject matter waiver extending to all collateral communications between R&M and outside counsel was clear legal error. Doc. No. 227 at 7-9.

In a Decision and Order filed March 31, 2009 (Doc. No. 233), the undersigned addressed the issue reserved with regard to Defendants' second motion to compel (Doc. No. 182), *i.e.*, whether the R&M Parties, by testifying at depositions regarding the subject matter of the Outside Counsel Letter, had waived both attorney-client privilege and work product protection as to the Outside Counsel Letter and any collateral communications finding a subject matter waiver with regard to the Outside Counsel Letter and the collateral communications "occurred based on the deposition testimony of both Mr. Rigot and Mr. Brown describing the nature of such communications." March 31, 2009 Decision and Order at 2-4. As such, the R&M Parties were directed to serve Defendants with copies of the subject documents within 20 days. *Id*. at 4. On April 14, 2009, R&M filed objections to the March 31, 2009 Decision and Order, arguing that the undersigned abused his discretion in finding that all privileges and protections regarding communications related to the Outside Counsel Letter had been waived. Doc. No. 234 at 7-12.

In an order filed April 20, 2009 (Doc. No. 239), the parties were directed to complete fact discovery by June 1, 2009, and given ten days from resolution of R&M's then-pending objections to file for a further enlargement of time to complete discovery. In Text Orders entered September 11, 2009 (Doc. Nos. 244 and 245), District Judge Skretny, finding no legal error, denied the objections filed by the R&M Parties to both the December 17, 2008 Order (Doc. No. 226), and the March 31, 2009 Decision and

Order (Doc. No. 233).

On September 18, 2009, Defendants filed a motion (Doc. No. 247) ("Defendants' First Sanctions Motion"), requesting the R&M Parties be sanctioned by dismissal of the Amended Complaint for violations of the December 17, 2008 Order (Doc. No. 226), and the March 31, 2009 Decision and Order (Doc. No. 233), requiring production of the collateral communications R&M withheld as protected by the attorney-client privilege or as attorney work product.  In particular, Defendants requested the court strike R&M's Amended Complaint and dismiss the action or, alternatively, requested the court treat the R&M Parties' failure to comply with the subject orders as contempt, requiring the R&M Parties pay Defendants' expenses incurred in connection with the motions to compel and for sanctions, and re-open fact discovery for an additional 60 days, as contemplated by the April 20, 2009 Order.  Doc. No. 247-2 at 4-5.  On September 29, 2009, the R&M Parties moved (Doc. No. 248), for a stay pending appellate review of the court-ordered discovery including, *inter alia*, discovery of all collateral communications related to the Outside Counsel Letter. Doc. No. 248-2 at 2.  The R&M Parties then filed with the Second Circuit Court of Appeals two Notices of Interlocutory Appeal (Docs. Nos. 249 and 250) as to both Text Orders entered September 11, 2009 (Doc. Nos. 244 and 245), denying the R&M Parties' objections filed with regard to the court orders concerning the disputed discovery, including the Outside Counsel Letter and the collateral communications.

In a Decision and Order filed December 1, 2009 (Doc. No. 257) ("December 1, 2009 Decision and Order"), the undersigned denied the pending motion to stay (Doc. No. 248), and directed the R&M Parties produce to Defendants the collateral

9

communications, which are the subject of the prior court's rulings (Docs. Nos. 226 and 233), as affirmed by Judge Skretny (Docs. Nos. 244 and 245), and reopening discovery for 60 days. Decision on Defendants' First Sanctions Motion (Doc. No. 247) requesting R&M Parties pay Defendants' expenses incurred in connection with the motions to compel and for sanctions, was reserved and, to date, remains under advisement. December 1, 2009 Decision and Order at 2. On December 10, 2009, the R&M Parties produced the collateral communications to Defendants.

On December 16, 2009, the R&M Parties moved to withdraw the Notices of Interlocutory Appeals, and, on February 20, 2010, the Second Court of Appeals granted the motion. (Doc. No. 270).

On December 29, 2009, the R&M Parties and Defendants filed a joint motion (Doc. No. 263), seeking expedited resolution of a discovery dispute concerning R&M's claim of privilege as to two additional documents ("the two additional documents") referenced in the collateral communications previously produced, which R&M agreed to submit for *in camera* review. The undersigned reviewed the two additional documents *in camera* and, at oral argument on the motion on January 6, 2010 (Doc. No. 266), held that by failing to include the two additional documents in a privilege log provided to Defendants, the R&M Parties had waived any privilege asserted with regard to the two additional documents, and further that the communications when made were not made in the course of litigation and, as such, are not protected from disclosure by the attorney-client privilege nor do they qualify as attorney work product, and the parties were granted an additional 60 days in which to complete discovery following service of the two documents. On January 21, 2010, the R&M Parties filed objections (Doc. No.

268), to the January 6, 2010 Order as clearly erroneous and contrary to law.

Despite filing objections to the January 6, 2010 Order compelling production of the two additional documents, the R&M Parties produced the subject documents, and Defendants, upon receiving the two additional documents, subpoenaed, pursuant to Fed. R. Civ. P. 45(a)(2)(B), Owens, author of the Outside Counsel Letter, to be deposed as a third-party witness, on February 18, 2010, in Philadelphia, Pennsylvania. Neither of the R&M Parties nor Owens sought to quash in the Eastern District of Pennsylvania the subpoena of Owens, moved for a protective order in this court, or sought clarification of this court's previous orders regarding the scope of R&M's waiver of privileges as to the Outside Counsel Letter, the collateral communications, or the two additional documents.

At Defendants' deposition of Owens in Philadelphia, Pennsylvania, on February 18, 2010, Defendants were represented by David S. Sager, Esq. ("Sager") of Day Pitney, LLP, and the R&M Parties were represented by Thompson Hine attorney Matthew E. Liebson, Esq. ("Liebson").  February 18, 2010 Minute Entry (Doc. No. 273). Defendants' attempts to question Owens regarding the Outside Counsel Letter and collateral communications, including the two recently produced additional documents, however, were unsuccessful because Liebson repeatedly instructed Owens not to answer questions pertaining to communications between Owen and R&M, based on an assertion of privilege.

Counsel for Defendants and the R&M Parties contacted the undersigned by telephone, and Liebson stated that the R&M Parties were asserting privilege objections to Defendants' deposition questions concerning the Outside Counsel Letter, explaining

that Owens was being deposed in the Eastern District of Pennsylvania, from which district court any order requiring Owens's testimony would have to be issued. Owens Deposition T. at 48.[3]  Sager, however, stated that because Liebson was asserting a question of privilege, and because it was counsel for the R&M Parties instructing Owens not to answer, rather than Owens himself refusing to answer, the undersigned had jurisdiction to rule on the issue. *Id*. at 49.  After establishing that Liebson represented R&M, but not Owens, the undersigned ruled that Liebson was without standing to instruct Owens as to how to answer, and further advised Liebson that because R&M had already waived all privileges with respect to the Outside Counsel Letter, no privilege could be asserted with regard to the letter or to the collateral communications or the two additional documents, such that there was no substantive basis for Liebson's instructing Owens not to answer. *Id*. at 49-50.  Liebson responded that although the R&M Parties had produced the Outside Counsel Letter, as well as the collateral communications and two additional documents in accordance with this court's orders, no court order required deposition testimony regarding any such communications, "particularly from counsel from Robbins & Meyers." *Id*. at 51.  The undersigned then questioned how, given that the law of the case is that the Outside Counsel Letter is unprivileged, Liebson could maintain that any privilege remained to be asserted regarding the letter, even assuming Owens was Liebson's client. *Id*.  Liebson responded that he was distinguishing between the Outside Counsel Letter itself, and

---

[3] References to "Owens Deposition T." are to the page of the transcript of Defendant's February 18, 2010, deposition of Owens, a copy of which is attached as Exhibit 2 to the Opposition of R&M to Huber's February 24, 2010 Motion for Sanctions and to Extend Discovery (Doc. No. 281).  Portions of that same deposition transcript are attached as Exhibit B to the Declaration of Paul R. Marino, Esq, (Doc. No. 275-2).

the underlying collateral communications made or received, and the two additional documents, to which Liebson did not understand the court's order regarding the waiver of privilege extended. *Id*. at 52. Liebson further stated it was the R&M Parties' position that no subject matter waiver extended "beyond the four corners" of the collateral communications and two additional documents ordered produced. *Id*. at 53. The undersigned also questioned why Liebson, who should have anticipated that Owens would be questioned at the deposition regarding the Outside Counsel Letter, as well as the collateral communications and two additional documents, did not, prior to Owens's deposition, move for a protective order regarding such questions. *Id*. at 55-56. The undersigned then ruled that because Liebson did not represent Owens, Liebson was without standing to direct Owens not to answer and, moreover, the court had previously determined that the R&M Parties had waived all privileges as to the Outside Counsel Letter's subject matter. *Id*. at 60. No direction to Owens was given by the undersigned with regard to his obligation to answer Defendant's questions regarding the Outside Counsel Letter, the collateral communications, or the two additional documents.

Subsequent to the telephone conference, the deposition of Owens resumed with the following exchange:

> Sager: Mr. Owens, we've taken some time to call the judge, Magistrate Judge Foschio, in the Western District of New York, to address counsel for R&M's assertion of privilege and instructions not to answer. The judge has ruled on that, as you heard. So, what I would like to do is now go back and revisit some of the questions that caused us to reach out for the judge in the first place.
>
> The first one is, when you met with Mr. Raiteri and whomever you met with on or about May 10, 2000, I would like you to tell me everything that was discussed.

| Liebson: | Robbins & Meyers intends to file an objection to the Magistrate Judge's Order. And in the absence of an affirmative ruling directing you to testify to this Court, it's R&M's position that you [Owens] should not disclose any privileged communications. |
|---|---|
| Sager: | Then you're instructing him not to answer. |
| Liebson: | Yes. |
| Sager: | The vast majority of my questions here today, I think, are going to seek substance from Mr. Owens as to the nature of his representation. I'm happy to go through that, although I think that would be a waste of the witness' [*sic*] time. |
| Liebson: | I agree. |
| Sager: | Can you say that you will instruct the witness similarly? |
| Liebson: | Yes, I will. |

Owens Deposition T. at 65-66.

Owens admitted that despite the undersigned's ruling, Owens was uncomfortable answering any questions regarding Swartz Campbell's representation of R&M in connection with the investigation as to Thompson Hine's potential malpractice, Owens Deposition T. at 69-72, and the deposition was adjourned.

On February 24, 2010, Defendants filed a second motion for sanctions and to extend discovery (Doc. No. 275) ("Defendants' Second Sanctions Motion"), seeking an award of sanctions against the R&M Parties, for their alleged violation of this court's orders entered through Minute Orders on December 18, 2008 (Doc. No. 226), January 7, 2010 (Doc. No. 266), and February 18, 2010 (Doc. No. 273). In particular, Defendants seeks as sanctions dismissal of the Complaint and, alternatively, should the Complaint not be dismissed, a sixty (60) day extension of the discovery deadline from

the date the R&M Parties' anticipated final objections to this court's order on both sanctions motions are resolved. Defendants' Second Sanctions Motion is supported by the attached Declaration of Paul R. Marino, Esq. (Doc. No. 275-2) ("Marino Declaration"), with attached exhibits A and B ("Marino Declaration Exh(s). __"), and Defendants' Memorandum in Support of Motion for Sanctions and to Extend Fact Discovery (Doc. No. 275-3) (Defendants' Memorandum").

On March 4, 2010, the R&M Parties filed objections (Doc. No. 277) ("R&M Parties' Objections"), to the court's ruling issued during the February 18, 2010 telephone conference. In a Text Order entered March 12, 2010 (Doc. No. 276), Judge Skretney denied the R&M Parties' January 6, 2010 objections (Doc. No. 268). Also on March 10, 2010, Defendants requested a stay of discovery which, pursuant to a February 18, 2010 Scheduling Order, was to be completed on March 31, 2010 (Doc. No. 278).

On March 21, 2010, the R&M Parties filed the Opposition of R&M to Huber's February 24, 2010 Motion for Sanctions and to Extend Discovery (Doc. No. 281) ("R&M Parties' Response"), with attached exhibits 1 through 5 ("R&M Parties' Exh(s). __"). On March 17, 2010, Defendants filed Defendants' Reply Memorandum in Further Support of Motion for Sanctions and to Extend Fact Discovery (Doc. No. 284) ("Defendants' Reply").

In a Decision and Order filed March 19, 2010 (Doc. No. 287), the undersigned granted Defendants' motion to stay discovery (Doc. No. 278), pending resolution of Defendants' Second Sanctions Motions, on the basis that Defendants had demonstrated that issues similar to those that cause Defendants to adjourn their

February 18, 2010 deposition of Owens were likely to arise in the remaining three depositions then scheduled in the matter.

By Text Order filed April 6, 2010 (Doc. No. 289), Judge Skretny denied the R&M Parties' March 4, 2010 objections (Doc. No. 277) filed with regard to the February 18, 2010 telephone conference, thereby finding the undersigned's ruling that Liebson was without standing to order Owens not to respond to deposition questions, and that the court's orders that the R&M Parties had waived any privileges relevant to the Outside Counsel Letter, the collateral communications, and the two additional documents, were neither clearly erroneous nor contrary to law.

By letter filed May 25, 2010 (Doc. No. 290), Defendants sought clarification that the March 19, 2010 Order staying discovery pending resolution of Defendants' Second Sanctions Motion applied to expert as well as fact discovery. By Text Order entered May 25, 2010 (Doc. No. 291), the undersigned clarified that, in fact, the March 19, 2010 Order applied to both expert and fact discovery.

Oral argument on Defendants' Second Sanctions Motion was deemed unnecessary.

Based on the following, Defendants' Motions are GRANTED as to the costs of the motions and to extend discovery, but are DENIED as to the requests to dismiss and to revoke Thompson Hine's *pro hac vice* admission to the Western District of New York.

## DISCUSSION

Defendants move for an award of sanctions pursuant to Fed.R.Civ.P. 37(b)(2), against the R&M Parties based on the R&M Parties' refusal to permit Owens to testify

as to communications relating to the Outside Counsel Letter and the collateral communications on the basis of an asserted privilege which this could has repeatedly held was waived or never existed. Defendants' Memorandum at 8. Defendants also maintain that the "R&M Parties continue to make a game out of discovery, selectively determining what discovery to allow and when to allow it, thereby expending the Court's time and Defendants' resources," particularly in light of the fact that the Outside Counsel Letter was not produced for more than one year after its production was ordered, and that after Defendants learned of the collateral communications, it took more than one year to have them produced. *Id*. at 9. Finally, after receiving the collateral communications, Defendants' attempts to depose Owens were thwarted when the R&M Parties, without moving for a protective order, to quash the subpoena of Owens, or otherwise advising they planned to assert questions regarding the Outside Counsel Letter and the collateral communications were privileged, such that the Owens deposition wasted Defendants' time and money. *Id*. at 9-10. As such, Defendants seek an award of sanctions, including striking the Amended Complaint pursuant to Fed.R.Civ.P. 37(b)(2)(A)(iii), and requiring, pursuant to Fed.R.Civ.P. 37(b)(2)(C), the R&M Parties to reimburse Defendant for the fees and costs incurred in connection with both Defendants' Motions and Owens's deposition, requiring local counsel for the R&M Parties to attend all future depositions, and revoking Thompson Hine's *pro hac vice*'s admission to this court. *Id*. at 10-11. Alternatively, Defendants request an extension of discovery to permit further depositions, including that of Owens, directed to the Outside Counsel Letter and related documents, to be conducted. *Id*. at 11.

The R&M Parties argue in opposition that there is no basis for any of the

sanctions Defendants seek, especially the "draconian" sanction of striking the Amended Complaint. R&M Parties' Response at 2. In particular, according to the R&M Parties, no sanctions are warranted because the R&M Parties complied with the December 17, 2008 Minute and Order (Doc. No. 226), directing the production of the six collateral communications, by producing the communications on December 10, 2009, after the objections filed by the R&M Parties regarding the December 17, 2008 Minute and Order were resolved. *Id*. Also, the R&M Parties note that the two additional documents the January 6, 2010 Order directive the R&M Parties to produce were provided to Defendants on January 15, 2010. *Id*. The R&M Parties deny that, following the February 18, 2010 Order issued at the teleconference during Defendants' deposition of Owens, the R&M Parties instructed Owens not to answer on privilege grounds. *Id*. Further, the R&M Parties maintain that the depositions Defendants planned of Owens, Rigot, Raiteri, and King, a senior R&M official, are of third-party witnesses, occurring pursuant to subpoenas, and whose deposition testimony can be compelled only by order of the district courts from which the relevant subpoenas issued. *Id*. at 10-11.[4]

In further support of the instant motions, Defendants essentially dispute the R&M Parties' characterization of their compliance with the relevant orders. Defendants' Reply at 2-5. Defendants argue that because Defendants' Second Sanctions Motion is predicated on R&M's counsel's instruction to Owens not to answer deposition questions on the assertion of privilege, an issue that has been resolved by this court, Defendants' Second Sanctions Motion is properly brought in this court. *Id*. at 4-5. Defendants

---

[4] Subpoenas were issued by the depositions of Owens by the Eastern District of Pennsylvania, of Rigot by the Northern District of Georgia, and of Raiteri and King by the Southern District of Ohio.

further maintain that the sanctions requested in both Defendants' Motions are warranted by the bad faith demonstrated by the R&M Parties in failing to taking any steps to advise Defendants of the objections the R&M Parties anticipated raising during Owens's deposition, and by waiting more than seven years to disclose the existence of the Outside Counsel Letter, the collateral communications, and the two additional documents. *Id*. at 5-6.

"It is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them." *Novak v. Wolpoff & Abramson, LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). Rule 37(b) provides a non-exclusive list of sanctions that the court may, in its discretion, impose on a party who "fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2). Among the listed sanctions, and the sanction sought by Defendants in connection with the instant motions, is an order "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). The plain language of Rule 37(b), however, requires that a court order be in effect before sanctions are imposed. *Daval steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986))). *See also Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition Company*, 192 F.R.D. 95, 97-98 (W.D.N.Y. 2000) (observing that "Rule 37(b)(2) only enables the court to sanction a party for failure 'to obey an order to provide or permit discovery . . . .'" (quoting Fed. R. Civ. P. 37(b)(2))).

The sanction of dismissal, however, "should not be imposed under Rule 37 unless the failure to comply is due to wilfullness, bad faith, or any fault of the deponent." *Shcherbakovskiy v. DaCapo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (quoting *Salahuddin*, 782 F.2d at 1132) (holding district court's imposition of dismissal of complaint as sanction for plaintiff's failure to comply with discovery was abuse of discretion given court's failure to first consider efficacy of lesser sanctions and plaintiff's control over the documents plaintiff failed to produce).  Further, upon granting a party's motion for sanctions pursuant to Rule 37(b)(2), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(b)(2)(C).  Here, the circumstances prompting Defendants to file both the First Sanctions Motion and the Second Sanctions Motion warrant awards of monetary sanctions, including the costs of both motions and payment of the expenses incurred in deposing Owens, but do not support the severe sanction of dismissal.

In particular, this court has issued at least three court orders pertaining to the disputed discovery, *i.e.*, the Outside Counsel Letter, the collateral communications, and the two additional documents, including the December 17, 2008 Minute and Order (Doc. No. 226), the January 6, 2010 Order (Doc. No. 266), and the February 18, 2010 Order (Doc. No. 273).  Each of these orders have bee sustained by the District Judge against the R&M Parties' objections.  It is also significant that the February 18, 2010 Order also specifically permitted Defendants to depose third-party witnesses, including Owens, regarding the Outside Counsel Letter, the collateral communications, and the

20

two additional documents. Despite such orders, the R&M Parties continued to resist compliance with Defendants' discovery efforts, as well as the court's orders.

The court finds particularly troubling that Defendants repeatedly have had to resort to motions to compel to obtain certain discovery. Specifically, the Outside Counsel Letter was first revealed during Defendants' deposition of Rigot on May 1, 2008, subsequent to which Defendants had to move to compel its production. It was not until Defendants received the Outside Counsel Letter on July 14, 2008, that Defendants learned of the existence of the collateral communications, the production of which Defendants also had to compel, filing such motion on July 16, 2008, which the R&M Parties opposed, asserting the collateral communications were subject to the attorney-client privilege. Although the court, on August 20, 2008, ordered the collateral communications be produced, and also granted Defendants' request for an extension of discovery to permit supplemental deposition testimony of Rigot and anyone else with knowledge of the Outside Counsel Letter, Defendants had to move again on November 24, 2008, to compel production of the collateral communications. In ruling in Defendants' favor following the December 17, 2008 oral argument, the undersigned specifically stated that because the collateral communications were created in the context of an adversarial relationship between R&M and Thompson Hine, the collateral communications were not protected from disclosure by the attorney-client privilege, that Rigot, by testifying about the Outside Counsel Letter, had waived any attorney-client privilege that may have attached to both the Outside Counsel Letter and the collateral communications, and that insofar that the Outside Counsel Letter or the collateral communications were in Thompson Hine's possession, such communications, created

at the request of R&M and Swartz Campbell, had been shared with a third party, thereby destroying their confidentiality and waiving any privilege or protection. The collateral communications were thus ordered to be produced within ten days.

Rather than producing the collateral communications, the R&M Parties, on January 5, 2009, filed objections to the December 17, 2008 Order. While those objections were pending before the district judge, the undersigned, on March 31, 2009, issued another order again finding that any privilege the R&M Parties asserted with regard to the Outside Counsel Letter and the collateral communications had been waived, directing Defendants be served with copies of such documents within 20 days. March 31, 2009 Order at 3-4. Rather than producing the collateral communications, the R&M Parties, on April 14, 2009, filed objections to the March 31, 2009 Order. Although both the January 5, 2009 and April 14, 2009 objections were denied in the September 11, 2009 text orders, rather than producing the collateral communications to Defendants, the R&M Parties filed Notices of Interlocutory Appeals with the Second Circuit Court of Appeals challenging the text orders, as well as the underlying orders of the undersigned, and moved to stay proceedings in this court pending resolution of the interlocutory appeals. Because the R&M Parties continued to refuse to produce the collateral communications, Defendants resorted to filing the First Sanctions Motion on September 18, 2009.

After the undersigned, on December 1, 2009, denied the motion to stay, the R&M Parties, on December 10, 2009, finally produced the collateral communications to Defendants, withdrawing the premature appeals to the Second Circuit on December 16, 2009. As such, almost an entire year elapsed between December 17, 2008, when the

R&M Parties were first directed to produce the collateral documents to Defendants, and December 10, 2009, when Defendants were finally served with the collateral documents.

Upon being served with the collateral communications, Defendants learned of the two additional documents, requiring yet another round of motions, including *in camera* review by the undersigned, based on which production of the two additional documents was ordered on January 6, 2010. Although the R&M Parties, on January 21, 2010, filed objections to the January 6, 2010 Order, Defendants were served with the two additional documents prior to resolution of the latest objections.[5] Nevertheless, despite repeated orders from both the undersigned and the district judge, counsel for the R&M Parties appeared at Defendants' February 18, 2010 deposition of Owens, and specifically instructed Owens not to answer questions regarding the Outside Counsel Letter, the collateral communications, and the two additional documents based on an assertion of privilege. Even after adjourning the deposition for a telephone conference, during which the undersigned ruled that the R&M Parties' counsel was without standing to instruct Owens how to answer, and again ruled that any privileges that could have been raised with regard to the subject documents had been waived, the R&M Parties' counsel continued to instruct Owens not to answer questions regarding the subject communications. Assertions to the contrary, R&M Parties' Response at 2 ("R&M issued no instruction to Mr. Owens after the conclusion of the teleconference and did not

---

[5] Although the record does not reveal the precise date the R&M Parties produced the two additional documents to Defendants, that Defendants, based on the content of the two additional documents, scheduled further depositions, including that of Owens, establishes the two additional documents were produced prior to February 18, 2010 when Defendants attempted to depose Owens.

violate the [February 18, 2010] Order."), are belied by the transcript of the deposition establishing Liebson plainly stated, twice, in response to Sager's inquiry, that Liebson was, and intended to continue, instructing Owens not to answer questions regarding the subject communications. Owens Deposition T. at 65-66. The belligerent nature of these circumstances created by the R&M Parties warrant imposition of sanctions.

Although in connection with both the First and Second Sanctions Motions, Defendants seek dismissal of the Amended Complaint, because the court has not yet imposed lesser sanctions, the court is unable to state whether lesser sanctions would be effective. *Shcherbakovskiy*, 490 F.3d at 135 (efficacy of lesser sanctions should be considered prior to imposing sanction of dismissal). Imposition of lesser sanctions, however, is not precluded.

Further, upon granting a party's motion for sanctions pursuant to Rule 37(b)(2), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). Thus, because the court is granting both Defendants' First and Second Motions for Sanctions, the court considers whether the R&M Parties' failure to produce the court-ordered discovery is substantially justified, or whether any circumstances make such an order unjust.

Here, although the R&M Parties' failure to provide the collateral communications in accordance with the December 17, 2008 and March 31, 2009 Orders initially would have been justified by the objections filed by the R&M Parties on January 5, 2009, and April 14, 2009, had the R&M Parties also obtained, upon motion, a stay of the orders

pending resolution of the objections by the District Judge on September 11, 2009, it

was not until December 10, 2009 that the collateral communications were produced,

after Defendants filed their First Sanctions Motion on September 18, 2009, which the

undersigned, on December 1, 2009, denied as to the request to strike the pleadings,

reserved decision as to the request for costs, and again ordered the collateral

communications be produced.[6]  The only explanation for the R&M Parties' continued

failure to produce the collateral communications after the September 11, 2009 Orders is

the filing of the interlocutory appeals with the Second Circuit.  Discovery orders

involving privileges, however, generally do not qualify for interlocutory appeal because

adequate review is available on appeal from final judgment.  *Mohawk Industries, Inc. v.*

*Carpenter*, __ U.S. __, 130 S.Ct. 599, 606-07 (2009) (holding disclosure orders adverse

to the attorney-client privilege do not qualify for immediate appeal under the collateral

order doctrine); *In re County of Erie*, 473 F.3d 413, 416 (2d Cir. 2007) ("Ordinarily,

pretrial discovery orders involving a claim of privilege are unreviewable on interlocutory

appeal . . . .").  As such, the filing of the interlocutory appeals did not substantially

justify the R&M Parties' continued failure to produce the collateral communications after

their objections were rejected on September 11, 2009.  Nor have the R&M Parties

petitioned for a writ of mandamus, which is the only means by which to challenge a

---

[6] Despite filing objections, the R&M Parties, absent a stay of the December 17, 2008 or March 31, 2009 Orders, which the R&M Parties made no attempt to obtain, were required to produce the collateral communications to Defendant in accordance with such orders.  *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 371 F.Supp.2d 358, 360 (W.D.N.Y. 2005) ("Merely filing a motion for such relief [from court-ordered discovery] does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order." (bracketed material added; citing cases)).

district court's ruling on a privilege. *In re The City of New York*, __ F.3d __; 2010 WL 2294134, at * 5 (2d Cir. June 9, 2010) (holding that because collateral order doctrine does not extend to disclosure orders adverse to a privilege claim, the only avenue of review for a party losing a claim of privilege to pursue is a petition to the court of appeals for a writ of mandamus). Given the evident recalcitrance of the R&M Parties in the course of obtaining their compliance with the relevant orders, imposition of sanctions in this case would not be manifestly unjust. Defendants' First Sanctions Motion, on which the undersigned previously reserved decision, therefore is now GRANTED as to Defendants' request for costs, with Defendants being awarded the costs, including attorneys fees, of such motion.

Similarly, it was not until the collateral communications were produced that Defendants learned of the two additional documents. That the R&M Parties did not readily produce the two additional documents but, rather, such production occurred only after another order of this court, issued on January 6, 2010, to which the R&M Parties filed objections on January 21, 2010. Although the R&M Parties did not await the court's decision on such objections before producing the two additional documents, counsel for the R&M Parties nevertheless appeared at Defendants' February 18, 2010 deposition of Owens, and repeatedly asserted the same privileges with regard to the same documents in contradiction to numerous orders of this court, including the order rendered during the telephone conference with the undersigned on February 18, 2010. As such, Defendants' attempt to depose Owens was futile. That the R&M Parties offer no explanation for such conduct is underscored by their denial that, upon resuming Owens's deposition following the teleconference, Liebson continued to instruct Owens

not to answer, in direct contradiction to the undersigned's rulings.  Liebson's justification

for such obstruction of the well-known purpose of the Owens deposition, *i.e.*, that the

court's prior orders were not directed to a deposition relating to the Outside Counsel

Letter and related communications, R&M Parties' Response at 3-5, ignores that the

orders unambiguously found that no privilege in the subject matter of the Outside

Counsel Letter existed, such that Liebson's attempt to reassert this ground to frustrate

the deposition can only be seen as lacking in good faith and specious.

     With regard to the R&M Parties' argument that the undersigned was without

jurisdiction to rule on the objections raised during the February 18, 2010 telephone

conference because Owens appeared at the deposition pursuant to a subpoena issued

by the Eastern District of Pennsylvania, pursuant to Fed.R.Civ.P. 45(a), from which

court any relief regarding Owens's deposition must issue pursuant to Fed.R.Civ.P.

45(e) ("The issuing court may hold in contempt a person who, having been served, fails

without adequate excuse to obey the subpoena."), R&M Parties' Objections at 9-10, the

record establishes the undersigned did not order Owens to answer Defendant's

deposition questions, thus taking care to defer such issue to the Eastern District of

Pennsylvania; rather, the undersigned's statements during the telephone conference

were directed only to Thompson Hines attorney Liebson and his unwarranted attempt to

undermine the deposition.  It is significant that the R&M Parties and Liebson have

consistently maintained that Liebson did not attend the February 18, 2010 deposition as

Owens's attorney but, rather, as the R&M Parties' representative.  As such, the

undersigned's statement regarding Liebson's lack of standing to assert any privilege on

behalf of Owens was not only correct, but also well within the authority of this court

pursuant to Fed.R.Civ.P. 37(b)(2)(A) (requiring the court where an action is pending to issue orders imposing sanctions on any party who "fails to obey an order to provide or permit discovery . . . ."). *See Accenture Global Services GMBH v. Guidewire Software, Inc.*, 2009 WL 2253577, at *1, n. 1 (D.Del. July 29, 2009) (noting that an order compelling nonparty witness to answer deposition question despite plaintiff's attorney's instruction to nonparty witness not to answer on basis of attorney-client privilege is directed to the attorney, rather than to the nonparty witness, such that the court where the action has pending, rather than court for district in which deposition was held, had jurisdiction to resolve question of scope of attorney-client privilege). Liebson's repeated directions to Owens not to answer interfered, without justification, with Sager's deposition such that Liebson, acting in his capacity as the R&M Parties' representative, refused to permit discovery,[7] which conduct is subject to the previous orders of this court, where the action is pending, regarding the R&M Parties' waiver of the attorney-client privilege.

As noted, Defendants also request to extend discovery for sixty days from the date the District Judge rules on the R&M Parties' pending objections to the February 18, 2010 Order, to permit further depositions regarding the subject documents to which the R&M Parties have continued to assert are privileged. Defendants' Memorandum at

---

[7] The court notes that Owens did not move either in this court or in the Eastern District of Pennsylvania to quash the subpoena or for a protective order precluding questions regarding the Outside Counsel Letter, the collateral communications, or the two additional documents. Nor does the record indicate that Owens is represented by retained legal counsel, other than himself, with regard to this matter). Further, should Owens, at Defendants' anticipated reconvened deposition, continue to refuse to answer questions regarding the Outside Counsel Letter, the collateral communications, or the two additional documents, Owens could be subject to sanctions for contempt, at Defendants' request, pursuant to Fed.R.Civ.P. 45(e), albeit in the Eastern District of Pennsylvania.

11. The R&M Parties maintain discovery should not be extended because R&M has not failed to comply with any discovery order, but "is merely continuing to assert the importance of its attorney-client privilege, to defend that privilege against further waiver arguments. R&M Parties' Response at 10. The R&M Parties further argue that other the remaining depositions are of third-party witnesses, occurring pursuant to subpoenas and whose "testimony can *only* be compelled . . . through action of the court issuing the subpoenas." *Id*. (italics in original). In further support, Defendants assert that discovery needs to be extended to permit Defendants to reconvene depositions regarding the Outside Counsel Letter, the collateral communications, and the two additional documents. Defendants' Reply at 7.

By Text Order filed April 6, 2010 (Doc. No. 289), Judge Skretny denied the R&M Parties' March 4, 2010 objections (Doc. No. 277) filed with regard to the February 18, 2010 telephone conference, thereby finding the undersigned's ruling that Liebson was without standing to order Owens not to respond to deposition questions, and that the court's orders that the R&M Parties had waived any privileges relevant to the Outside Counsel Letter, the collateral communications, and the two additional documents, were neither clearly erroneous nor contrary to law. Meanwhile, the undersigned, on March 19, 2010, granted Defendants' motion to stay discovery (Doc. No. 278), pending resolution of Defendants' Second Sanctions Motion for sanctions and to extend discovery, on the basis that Defendants had demonstrated that issues similar to those that caused Defendants to adjourn their February 18, 2010 deposition of Owens were likely to arise in the remaining three depositions then scheduled in the matter. On May 25, 2010, the undersigned clarified that the March 19, 2010 Order pertained to both fact

and expert discovery.

The record thus establishes that both fact and expert discovery has, since March 19, 2010, been stayed pending resolution of Defendants' Second Sanctions Motion, and that absent such stay, Defendants' attempts to conduct the three remaining depositions scheduled in this matter would have been futile prior to Judge Skretny's ruling on the R&M Parties' March 4, 2010 objections, as well as resolution of Defendants' Second Sanctions Motion. Because Defendants' have not had a fair opportunity to finish the scheduled depositions, Defendants' Second Sanctions Motion is GRANTED as to the request for an extension of both fact and expert discovery. Therefore, the court finds for good cause that fact discovery must now be completed **by September 30, 2010**. Upon completion of fact discovery, the parties are directed to submit a joint proposal or, absent agreement, separate proposals for schedules for the conduct and completion of expert discovery.

Finally, Defendants reference no legal authority supporting their bald request, Defendants' Memorandum at 10-11, that local counsel be required to attend all future depositions, and Thompson Hine's *pro hac vice* admission be revoked, and the court's research has revealed none in the absence of a formal disqualification motion based on alleged attorney misconduct. *See Martens v. Thomann*, 273 F.3d 159, 176-77 and n. 11 (2d Cir. 2001) (holding "revocation of *pro hac vice* status is a form of sanction that cannot be impose without notice and an opportunity to be heard" and noting "it may be inappropriate to revoke *pro hac vice* status on the basis of past misconduct unless the past misconduct affects counsel's current representation. . . ."). As such, this aspect of Defendants' Second Sanctions Motion is DENIED.

On this record, Defendants are entitled to an award of sanctions consisting of the costs of deposing Owens on February 18, 2010, the costs of redeposing Owens, and the costs of this motion, including an award of attorney's fees.[8]  Defendants are also entitled to a direction that the R&M Parties and its attorneys shall refrain from directing any witness, including Owens, at any further deposition, not to answer Defendants' questions relating to the Outside Counsel Letter and its subject matter, including the collateral communications and the two additional documents, and shall not otherwise interfere with the conduct of such depositions, by attempting to reassert an attorney-client privilege or work-product protection with respect to such documents and anticipated testimony.  Defendants' Second Motion for Sanctions therefore is GRANTED as to the requests for costs and to extend discovery, but DENIED as to the requests to strike the pleadings and to revoke Thompson Hine's *pro hac vice* admission to the Western District of New York.

## CONCLUSION

Based on the foregoing, Defendants' First Sanctions Motion (Doc. No. 247) is GRANTED insofar as Defendants seek an award of costs Defendants incurred in connection with the motion; Defendants' Second Sanctions Motion (Doc. No. 275), is GRANTED insofar as Defendants seek an award of costs Defendants incurred in connection with the motion, as well as those costs incurred in connection with the

---

[8] The R&M Parties are advised that failure to comply with this Order can subject them to further sanctions, including a jury instruction advising the jury that an inference adverse to the R&M Parties' interests may be drawn from the failure to provide the subject discovery, Fed.R.Civ.P. 37(b)(2)(A)(i), and prohibiting the R&M Parties from opposing designated defenses, Fed.R.Civ.P. 37(b)(2)(A)(ii).

February 18, 2010 deposition of Owens, and the costs to be incurred in re-deposing

Owens, and an extension of discovery; but is DENIED as to the requests to strike the

pleadings and to revoke Thompson Hine's *pro hac vice* admission to the Western

District of New York.  The R&M Parties and its attorneys are also hereby ORDERED to

comply fully with the court's direction with respect to any attorney-client privilege or

work-product protection at any further depositions noticed by Defendants as stated

above.  **Defendants are directed to file affidavits of costs and attorneys' fees**

**incurred, consistent with this Decision and Order, within ten (10) days of receipt**

**of a copy of this Decision and Order; Plaintiffs' opposition, if any, shall be filed**

**within ten (10) days thereafter.  Oral argument shall be at the discretion of the**

**court.**  Any showing that the award of costs should be allocated, pursuant to

Fed.R.Civ.P. 37(b)(2)(C), between Thompson Hine and the R&M Parties shall be

included in the required affidavits to be filed by the R&M Parties.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      June <u>24</u>, 2010
            Buffalo, New York