UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBBINS & MYERS, INC.,

                  Plaintiff/
        Counterclaim Defendant,

       v.

J.M. HUBER CORPORATION and
H. MILTON HOFF,

        Defendants/Counterclaimants/
            Third-Party Plaintiffs,

       v.

ROBBINS & MEYERS ENERGY SYSTEMS, INC.,

          Third-Party Defendant.

**DECISION
and
ORDER**

**01-CV-00201S(F)**

---

By Decision and Order filed June 24, 2010 (Doc. No. 292) ("D&O"), the undersigned directed Defendants to file, within ten days of receipt of the D&O, affidavits of costs and attorneys' fees incurred in connection with Defendants' First Sanctions Motion (Doc. No. 247), filed on September 18, 2009, and Second Sanctions Motion, filed on February 24, 2010 (Doc. No. 275), as well as the costs incurred in connection with the February 18, 2010 deposition of Gary R. Owens, Esq. ("Owens"). On July 6, 2010, Defendants filed the Affidavit of Edward S. Bloomberg, Esq. ("Bloomberg") (Doc. No. 293) ("Bloomberg Affidavit"), and the Declaration of David S. Sager, Esq. ("Sager") (Doc. No. 294) ("Sager Declaration"), seeking a total award of $ 34,555.

In particular, local defense counsel Bloomberg, of Phillips Lytle LLC, seeks attorneys' fees of $ 1,069.50 for the First Sanctions Motion, $ 1,729.30 for the Second

Sanctions Motion, and $ 279.30 for the deposition of Owens, for a total of $ 3,078.10. Bloomberg Affidavit ¶¶ 6-7. Bloomberg maintains his hourly billing rate during 2009 was $ 345, and during 2010 is $ 355.

Lead defense counsel Sager, of Pitney Day LLP in Morristown, New Jersey, seeks attorneys' fees and costs of $ 9,272.50 for the First Sanctions Motion, $ 12,328 for the Second Sanctions Motion, and $ 9,876.34 for the deposition of Owens, for a total of $ 31,476.84. Included in the figure for the Owens deposition are transcription and videotaping costs of $ 1,926.34. Sager maintains the hourly billing rates for the Pitney Day attorneys who worked on the relevant motions and deposition ranged from $ 500 to $ 530 for Sager, $ 330 to $ 365 for Paul R. Marino, Esq., and $ 245 to $ 275 for Erika L. Duelks, Esq.

On July 16, 2010, Plaintiff filed the Opposition to Huber's and Hoff's [*sic*] Affidavits Submitted Pursuant to Magistrate Judge's Order of June 24, 2010 (Doc. No. 296) ("Plaintiff's Response"). In opposing Defendants' submissions, Plaintiff argues that Defendants should not be awarded any attorneys' fees or costs because Defendants have failed to produce documentation of attorney billings and expense invoices supporting the requested fees and costs, Response at 3-4, establishing the hourly rates charged are reasonable and consistent with the local, *i.e.*, Buffalo area, legal community, *id.* at 5-8, and demonstrating the actual work each attorney performed to permit discerning whether any legal efforts were duplicated, *id.* at 8-10. Plaintiff also requests clarification as to whether the court ordered award of costs to be incurred in redeposing Owens pertains only to the actual costs associated with the second deposition, such as the service of a subpoena, or also includes the attorneys fees to be

incurred in connection with the second deposition. *Id*. at 10-11.

By letter to the undersigned filed July 19, 2010 (Doc. No. 297) ("Letter"), Defendants offered to submit all billing records and any other information deemed relevant to Defendants' requests for attorneys' fees and costs. Attached to the Letter is a copy of the invoice for the February 18, 2010 deposition of Owens.

Because an award of attorneys' fees is calculated based on "the lodestar method - hours reasonably expended multiplied by a reasonable hourly rate . . . . the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald ex rel Prendergast v. Pension Plan of the NYST-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citing cases). Further, "[a] reasonable hourly rate is a rate in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Id*. (internal quotation marks omitted). As such, Defendants' failure to include copies of attorney invoices billed, or any explanation supporting Defendants' assertion that the hourly attorney rates are "in line with" prevailing attorney rates in the community, *i.e.*, New Jersey, for similar services renders it difficult for the court to discern the reasonableness of Defendants' requested award.

Nevertheless, the insufficiency of Defendants' affidavits does not require the court to deny Defendants the attorneys' fees and costs awarded in the D&O, as Plaintiff urges. In fact, in none of the cases Plaintiff cites in support of such argument did the court, in its discretion, prescind from a previous attorneys' fee award based on the initial insufficiency of the affidavits submitted in support of the award. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("We

recognize, however, that it might be unfair in this case to deny plaintiffs all attorney's fees simply because they failed to maintain contemporaneous records throughout the litigation."); *Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC*, 688 F.Supp.2d 216, 228 (W.D.N.Y. 2010) (taking judicial notice of certain litigation costs which, although undocumented, were consistent with litigation costs within the district, including case filing fee, and *pro hac vice* admission fee, but declining to award other costs for which no time entry indicated any attorney or paralegal prepared or reviewed such document); *Tatum v. City of New York*, 2010 WL 334975, at * 12-13 (S.D.N.Y. Jan. 28, 2010) (disallowing expenses not properly documented, but awarding civil rights plaintiff attorney fees at hourly rate consistent with attorneys' standard rate in similar civil rights litigation, rather than higher hourly rate listed in fee application, which was standard rate in bankruptcy litigation).

In fact, the Second Circuit has affirmed the use of discretion by district courts in other cases where insufficient documentation of attorneys' fees and costs was provided. *See, e.g.*, *Mikes v. Straus*, 274 F.3d 687, 705-06 (2d Cir. 2001) (holding district court did not abuse discretion in limiting award of attorneys' fees granted where plaintiff failed to provide contemporaneous time records of time expended on meritorious claim, instead submitting total costs of litigation from which time expended on frivolous claim was deducted, and district court divided the remaining number in half). *See also Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). As such, the court will not deny Defendants an award

4

of attorneys' fees and costs based on Defendants' failure to submit sufficient documentation establishing the amount of attorneys' fees and costs incurred in connection with the First and Second Sanctions Motion, and the Owens Deposition.

Finally, as to Plaintiff's request for clarification as to whether the costs awarded in connection with redeposing Owens includes attorneys' fees, Plaintiff's attention is drawn to Fed.R.Civ.P. 37(b)(2)(C) which provides that upon granting a party's motion for sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, *including attorney's fees*, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (italics added). A plain reading of the D&O establishes that the award of costs of redeposing Owens was made pursuant to Rule 37(b)(2)(C). D&O at 16-24. As such, the award of costs of includes attorneys' fees to be incurred in connection with such redepostition.

Because the court finds the affidavits Defendants filed insufficient, Defendants are ORDERED to file, **within ten (10) days of receipt of this Decision and Order**, copies of billing records relevant, to support in the required detail, the costs and attorneys' fees awarded in the June 24, 2010 D&O.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August  31 , 2010
           Buffalo, New York