UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROBBINS & MYERS, INC., | **DECISION** |
|                    Plaintiff, | **and** |
|    v. | **ORDER** |
| J.M. HUBER CORPORATION and<br>H. MILTON HOFF, | **01-CV-201S(F)** |
|                  Defendants,<br>               Counter-Claimants and<br>                  Third-Party Plaintiffs, | |
| ROBBINS & MYERS ENERGY SYSTEMS, INC., | |
|                Third-Party Defendant. | |

_____

APPEARANCES:        THOMPSON, HINE LLP
                                Attorneys for Plaintiff and Third-Party Defendant
                                LESLIE W. JACOBS,
                                MATTHEW E. LIEBSON, of Counsel
                                3900 Key Center
                                127 Public Square
                                Cleveland, Ohio   44114-1291

                                HODGSON RUSS LLP
                                Attorneys for Plaintiff and Third-Party Defendant
                                ROBERT J. LANE, JR.,
                                JEFFREY C. STRAVINO, of Counsel
                                The Guaranty Building, Suite 100
                                140 Pearl Street
                                Buffalo, New York   14202-4040

                                DAY PITNEY, LLP
                                Attorneys for Defendants and Third-Party Plaintiffs
                                DENNIS R. LaFIURA,
                                PAUL R. MARINO,
                                DAVID S. SAGER, of Counsel
                                Post Office Box 1945
                                Morristown, New Jersey   07962-1945

                                PHILLIPS LYTLE LLP
                                Attorneys for Defendants and Third-Party Plaintiffs
                                EDWARD S. BLOOMBERG, of Counsel
                                3400 HSBC Center
                                Buffalo, New York   14203

By papers filed June 21, 2011 (Doc. No. 362), Defendants moved to compel, and for sanctions, Plaintiff's response to Defendants' Fifth Request for Production of Documents served on Plaintiff April 12, 2011, Exh. D to Declaration of Edward Bloomberg filed in Support of Defendants' motion ("Bloomberg Declaration") ("Defendants' Request"). Defendants' Request seeks documents responsive to Defendants' four prior document requests and more particularly, "all documents reflecting, referring, or relating to" the closures at issue in this case.

After serving the Defendants' Request, Defendants also served, on April 19, 2011, Plaintiff's auditor, Ernst and Young ("E&Y"), with a subpoena, pursuant to Fed.R.Civ.P. 45, seeking documents pertaining to Plaintiff's reserves for warranty or products liability claims relating to the closures to the extent E&Y had not previously provided such documents to Defendants. Bloomberg Declaration Exh. A at 4. It is not disputed that Plaintiff advised E&Y to refuse production on the ground that Defendants' subpoena was untimely as outside the time period permitted by this court within which to undertake additional discovery as provided in the court's March 21, 2011 Decision and Order overruling Plaintiff's assertion of attorney-client privilege regarding 31 documents relevant to Plaintiff's issuance on March 1, 2011 of a so-called Public Service Announcement ("PSA") (Doc. No. 325) ("the D&O"). *Robbins & Myers, Inc. v. J.M. Huber Corporation*, 274 F.R.D. 63 (W.D.N.Y. 2011).

Plaintiff admits it informed E&Y that because the subpoena was not specifically authorized in the D&O, D&O at 90-91; *Robbins & Myers, Inc.*, 274 F.R.D. at 104, Defendants' subpoena was untimely. Opposition of R&M to Defendants' June 21, 2011 Motion to Compel Discovery and For Sanctions (Doc. No. 368) ("Plaintiff's Opposition")

at 2 (noting that after E&Y "finally became aware of the procedural posture of the litigation" E&Y turned over the E&Y Documents to Thompson, Hine, Plaintiff's attorneys).  Plaintiff contends Defendants' Request is subject to the same objection, as well as the fact that both the subpoena and Defendants' Request seek information beyond the scope of the PSA-related subject matter addressed in the D&O.  *Id.*  To reduce inconvenience to E&Y, Plaintiff arranged with E&Y to obtain custody of certain documents E&Y ascertained are subject to the subpoena ("the E&Y Documents").  Plaintiff's Opposition at 5; Bloomberg Declaration Exh. C at 2-4.  Plaintiff does not contend that the E&Y Documents are irrelevant for discovery purposes under Fed.R.Civ.P. 26(b)(1).

Based on Plaintiff's failure to timely supplement its prior document production in response to Defendants' earlier requests, which encompassed the PSA as a form of communication to Plaintiff's customers regarding the asserted risks of closure failure as alleged by Plaintiff in this action, Bloomberg Declaration Exh. D (Exh. C - Defendants' Third Request for Documents, dated March 7, 2008 ¶ 14), the court allowed Defendants an additional 90 days within which to conduct further discovery relating to the purpose and drafting of the PSA, related communications with customers, and Rigot's credibility regarding the PSA's casting of Defendants as responsible for inconvenience and potential losses resulting from possible failure of the closures.  D&O at 90-91; *Robbins & Myers, Inc.*, 274 F.R.D. at 104.  While the court's emphasis in the D&O was on extending discovery to permit depositions of several key participants in Plaintiff's preparation and issuance of the PSA, the court also specifically permitted document production related to such depositions.  *Id.* at 91; *Robbins & Myers, Inc.*, 274

F.R.D. at 104.

Defendants contend that the E&Y Documents will reveal whether Plaintiff provided to E&Y information concerning the PSA which, in contrast to Plaintiff's earlier communications to E&Y that, with the passage of time, Plaintiff's exposure to potential claims arising from the risk of failure of the closures has decreased, implied such risk presently requires immediate inspection and remediative action. Defendants' Memorandum at 2. Plaintiff does not deny Defendants' assertion that such information is included in the E&Y Documents. Although, in addressing Defendants' motion to compel in the D&O, the court was not specifically informed that Defendants may seek additional discovery from third-parties in preparation for the additional depositions authorized by the court, it can hardly be denied, as Plaintiff now argues, that the indisputably relevant E&Y Documents are within the 90-day period for additional document production authorized by the D&O. Plaintiff's refusal to produce is therefore grounded on an unreasonably restrictive interpretation of the scope of additional discovery authorized by the D&O. As such, Plaintiff is required to produce documents responsive to Defendants' Fifth Request including, particularly, the E&Y Documents.

Based on these factors, it is difficult to understand on what basis Plaintiff could reasonably have believed that the E&Y Documents, directly relating to the information regarding the supposed risks presently posed by the closures as recently described and promulgated by Plaintiff in the PSA, could be withheld for the reasons relied upon by Plaintiff as communicated by Plaintiff's attorneys to E&Y, and in opposition to Defendants' motion. The court therefore concludes that Plaintiff's refusal to produce was not substantially justified thereby warranting sanctions pursuant to Fed.R.Civ.P.

37(a)(5)(A). Accordingly, Plaintiff shall reimburse Defendants' reasonable expenses, including attorneys fees, incurred in connection with this motion.

Moreover, but for Plaintiff's improper interference with E&Y's compliance with Defendants' subpoena on the asserted ground that the subpoena was impermissible under the D&O, the requested information would have been provided by E&Y, obviating the instant motion. *See Teri v. Oxford Mgmt. Servs., Inc.*, No. 05-2777, 2008 U.S. Dist. LEXIS, *24 (E.D.N.Y. Sep't. 30, 2008), *adopted by*, No. 05-2777, 2009 U.S. Dist. LEXIS 107807, *13 (E.D.N.Y. Nov. 19, 2009) (sanctioning defendants for, *inter alia*, defendants' interference with plaintiff's subpoena of documents in possession of defendant's outside accountant and stating that defendant's "proper course should have been a motion to quash" raising defendant's objections); *Fox Industries, Inc. v. Gurovich*, 2006 WL 2882580, *10 (E.D.N.Y. Oct. 6, 2006) (sanctioning defendant's attorney $1,000 for each letter to recipient of plaintiff's subpoena directing recipient not to comply with subpoena as attempt to "thwart the litigation process" and constituting an "usurpation of judicial authority").

Here, the record supports finding that Plaintiff's attorneys, Thompson Hine LLP, ("Thompson Hine") were responsible for causing E&Y's non-compliance with Defendants' subpoena. Bloomberg Declaration Exh. C at 2, 4, 6. Specifically, the record indicates that the reasons for E&Y's initial refusal to comply as stated by E&Y in its May 12, 2011 letter response to Defendants' subpoena, Bloomberg Declaration Exh. B, did not include the grounds asserted by Plaintiff in opposition to Defendants' motion, *i.e.*, that the subpoena was untimely and beyond the scope of the D&O, which were raised for the first time by Plaintiff's attorneys in a series of emails with Defendants'

attorneys only after E&Y consulted with Plaintiff's attorneys following its letter to Defendants objecting to the subpoena. *Id.* at 4. In particular, E&Y's June 15, 2011 email to Defendants' attorney states that E&Y does not object to producing the requested documents "if discovery is still open," an objection not stated in its initial May 10, 2011 response to Defendants concerning the subpoena, and that E&Y "<u>needs to</u>" allow Plaintiff to "pursue the matter" but that E&Y then had "not been informed of [Plaintiff's] <u>final</u> decision on what to do <u>at this time</u>."). Bloomberg Declaration, Exh. C at 4 (underlining added). Thus, the record supports a finding that but for Thompson Hine's advice to E&Y that Defendants' subpoena should be dishonored as unauthorized by the D&O, E&Y would have timely complied without the necessity of the instant motion to compel.

Contrary to Plaintiff's disingenuous assertion that Defendants' attorney duped E&Y into delivery of the documents subject to the subpoena to Thompson Hine, Plaintiff's Opposition at 3 (Defendants "attempted to fool" E&Y into producing documents), thereby demonstrating Defendants' awareness the subpoena was invalidly issued under the D&O, the emails between E&Y's attorney and Defendants' attorney establish that this arrangement was intended to enable Plaintiff to physically control the E&Y documents relieving E&Y of the need to respond to the subpoena, as E&Y unambiguously indicated it intended to follow Thompson Hine's directions, Bloomberg Declaration, Exh. C at 4, a proposal to which E&Y and Thompson Hine agreed. *Id.* at 203, 4. As Mr. Liebson's email of June 16, 2011 stated: "This [agreement to take custody of the E&Y Documents] does not, of course, change <u>our position</u> that discovery is closed, that the subpoena was inappropriate, and that Huber is <u>not entitled to any</u>

documents from E&Y at this point."). *Id.* at 2 (bracketed material and underlining added).  As such, Thompson Hine should be fined $1,000 as a penalty for such improper interference.  *See Fox Industries, Inc.*, 2006 WL 288250, *10 (sanctioning attorney who advised recipient of non-party subpoena not to comply by imposing fine of $1,000 for each letter attorney sent to recipient).

## CONCLUSION

Based on the foregoing, Defendants' motion (Doc. No. 362) is GRANTED.  Plaintiff shall produce the E&Y Documents to Defendants within 14 days of this Decision and Order.  Defendants shall file their affidavit of expenses in connection with this motion within 14 days; Plaintiff may file its opposition within 14 days thereafter; Defendants may reply within 5 days; oral argument shall be at the court's discretion; Thompson Hine shall pay $1,000 to the Clerk of Court within 14 days of this D&O. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2011
        Buffalo, New York