UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

ROBBINS & MYERS, INC.,

                               Plaintiff/
            Counterclaim Defendant,

        v.

J.M. HUBER CORPORATION and
H. MILTON HOFF,

            Defendants/Counterclaimants/
                Third-Party Plaintiffs,

        v.

ROBBINS & MEYERS ENERGY SYSTEMS, INC.,
BERKELEY FORGE & TOOL, INC., and
THOMPSON HINE LLP,

            Third-Party Defendants.

**DECISION
and
ORDER**

**01-CV-00201S(F)**

─────────────────────────────────

APPEARANCES:        THOMPSON HINE LLP
                                Attorneys for Plaintiff/Counterclaim Defendant
                                 And Third-Party Defendant
                                LESLIE W. JACOBS,
                                MATTHEW E. LIEBSON,
                                KENNETH G. COLE, and
                                LUKE L. DAUCHOT, of Counsel
                                3900 Key Center
                                127 Public Square
                                Cleveland, Ohio 44114-1291

                                HODGSON RUSS LLP
                                Attorneys for Plaintiff/Counterclaim Defendant
                                 And Third-Party Defendant
                                JEFFREY C. STRAVINO, and
                                ROBERT J. LANE, JR., of Counsel
                                The Guaranty Building, Suite 100
                                140 Pearl Street
                                Buffalo, New York 14202-4040

>DAY PITNEY LLP
>Attorneys for Defendants/Counterclaimants/
> Third-Party Plaintiffs
>DAVID S. SAGER,
>DENNIS LaFIURA, and
>ELIZABETH J. SHER, of Counsel
>P.O. Box 1945
>Morristown, New Jersey 07962-1945
>
>PHILLIPS LYTLE LLP
>Attorneys for Defendants/Counterclaimants/
> Third-Party Plaintiffs
>EDWARD S. BLOOMBERG, of Counsel
>3400 HSBC Center
>Buffalo, New York 14203

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny on December 5, 2007, for determination of non-dispositive motions. The matter is presently before the court on Defendants' application filed August 17, 2011 (Doc. No. 377), for attorneys' fees and costs awarded pursuant to this court's Decision and Order filed August 3, 2011 (Doc. No. 375).[1]

## BACKGROUND and FACTS[2]

Plaintiff Robins & Myers, Inc. ("Plaintiff"), commenced this fraud action on March 22, 2001, seeking to recover monetary damages allegedly incurred by R&M in connection with its 1997 purchase of a wholly-owned subsidiary of Defendant J.M.

---

[1] The Second Circuit Court of Appeals considers the award of monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders a nondispositve matter reviewable by the district judge under the "clearly erroneous or contrary to law" standard. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

[2] The Facts are taken from the pleadings and motion papers filed in this action.

Huber Corporation ("Huber"), of which Defendant H. Milton Hoff ("Hoff"), was president (together, "Defendants"). In connection with this action, the court has resolved numerous discovery disputes and motions to compel discovery including, most recently and relevant to the instant motion, a motion to compel and for sanctions filed by Defendants on June 21, 2011 (Doc. No. 362) ("the sanctions motion"). In a Decision and Order filed August 3, 2011 (Doc. No. 375) ("August 3, 2011 D&O"), the undersigned granted the sanctions motions, including Defendants' request for costs and attorneys' fees incurred in connection with the motion, and also Thompson Hine LLP ("Thompson Hine"), Plaintiff's lead counsel in this action, to pay to the Clerk of the Court $ 1,000 as a penalty for improperly interfering with Defendants' attempts to obtain discovery by directing Plaintiff's auditor, a non-party, not to comply with a subpoena seeking certain documents relating to a so-called Public Service Announcement ("PSA"), within the auditor's possession pertaining to Plaintiff's reserves for warranty or product liability claims relating to the closures at issue in this action. In the court's March 21, 2011 Decision and Order (Doc. No. 325) ("March 21, 2011 D&O"). Throughout this litigation, Defendants have been represented by lead counsel Day Pitney LLP ("Day Pitney"), and local counsel Phillips Lytle LLP ("Phillips Lytle").

As directed in the August 3, 2011 D&O, Defendants filed on August 17, 2011, a fee application ("the fee application"), including the Declaration of David S. Sager, Esq., Pursuant to the Court's Decision and Order Dated August 3, 2011 (Doc. No. 377) ("Sager Declaration"), attached to which as exhibits A and B ("Sager Declaration Exh(s). __"), are redacted copies of the relevant portions of Day Pitney's invoices to Huber for time billed in connection with the sanctions motion. In total, Defendants seeks

attorneys' fees of $ 10, 857.50 for preparation of sanctions motion, including the motion, supporting papers, and reply papers.  Also filed on August 17, 2011 were Plaintiff's objections to the D&O (Doc. No. 378) ("August 3, 2011 D&O Objections"), arguing, *inter alia*, the undersigned was without authority to reopen discovery to permit Defendants' service of the subpoena for documents on Plaintiff's auditor, and challenging as improper and unjustified the award of sanctions against Thompson Hine.

Filed on August 31, 2011, was Plaintiff's Opposition to Defendants' Application for Fees Pursuant to the Magistrate Judge's August 3, 2011 D&O (Doc. No. 381) ("Plaintiff's Response").  On September 6, 2011, Defendants filed Defendants' Reply Memorandum in Further Support of Application for Attorney's Fees (Doc. No. 384) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' fee application is GRANTED in part and DENIED in part.

## DISCUSSION

Parties have been permitted to recover attorneys' fees incurred in connection with preparing and defending applications for the expenses, including costs and attorneys' fees associated with either successfully making or opposing a motion to compel discovery, may be recovered.  See *Metrokane, Inc. v. Built, NY, Inc.*, 2009 WL 637111, at * 3 (S.D.N.Y. Mar. 6, 2009) (granting defendant's application for attorneys' fees incurred in connection with defendant's discovery motions); *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2009 WL 72441, at * 7 (S.D.N.Y. Jan. 7, 2009) (awarding defendants attorneys' fees incurred in successfully opposing plaintiff's motion

to compel discovery).

Traditionally, "in determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Although the Second Circuit recently attempted to reconcile the lodestar method with the method, set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) ("the *Johnson* method"), describing "a one-step inquiry that considered twelve specific factors to establish a reasonable fee." *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009), the Supreme Court has since considered the issue of attorneys' fees, approving the traditional lodestar method over the more subjective *Johnson* method. *Perdue v. Kenny A.*, __ U.S. __, 130 S.Ct. 1662, 1672 (2010). Nevertheless, the Court further explained there is a "strong presumption" that the lodestar figure is reasonable, but that such presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id*. at 1673. *See also Millea v. Metro-North Railroad Company*, __ F.3d __, 2011 WL 3437513, at *8 (2d Cir. Aug. 8, 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hour required y the case – creates a 'presumptively reasonable fee.'" (citing *Perdue*, 120 S.Ct. at 1673, and *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The court thus first applies the lodestar method to determine the amount of attorneys' fees to award and then, if necessary, adjusts the resulting

lodestar figure to reflect consideration of any special circumstances.

In the instant case, Defendants seek reimbursement of attorneys' fees according to the following schedule listing the hours each attorney worked at their respective hourly rates in connection with the pending fee application.

| **Attorney**: | **Marino** | **Sager** | **Total Fee Application** |
|---|---|---|---|
| Hourly Rate: $ | 350 | 550 | |
| Hours: | 20.3 | 5.9 | |
| Sub-Total: $ | 7,612.50 | $ 3,245.00 | $ 10,857.50 |

Sager Declaration ¶ 4 at 3-4; Sager Declaration Exhs. A and B. Defendants also advise that although local counsel Edward Bloomberg, Esq. ("Bloomberg"), of Phillips Lytle assisted with this matter, Defendants are not seeking reimbursement for Bloomberg's fees. *Id*. ¶ 5. Nor are Defendants seeking reimbursement for nine hours of time incurred in connection with the sanctions motion, totaling $ 3,900 in fees, for legal services related to Defendants' asserted good faith efforts to resolve the discovery dispute before filing the sanctions motion, and for research and drafting Defendants' Reply. *Id*. ¶ 6.

Similar to its response to Defendants' previous motions for attorneys' fees, Plaintiff challenges the attorney's fees and costs Defendants seek for the fee application on several grounds, including that the hourly rates used to calculate attorneys' fees are unreasonable, Plaintiff's Response at 1, that the amount of time Defendants claim to have expended preparing the sanctions motion is excessive, *id.* at 2-3; that the arguments set forth by Defendants in support of the sanctions motion were not the basis for the August 3, 2011 D&O, *id.* at 3-4.

It is settled that in calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The "lodestar" calculation should exclude fees for work that is "excessive, redundant or otherwise unnecessary," as well as hours dedicated to severable unsuccessful claims.  *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35).

To prevent the court from reviewing and ruling on each item for which reimbursement is requested, "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted).  *See Matusick v. Erie County Water Authority*, 774 F.Supp.2d 514, 532 (W.D.N.Y. 2011) (applying "50% across-the-board reduction in claimed hours" where documentation included "numerous entries about unspecified conferences, telephone calls, e-mail correspondence, and 'reviews.'" and supporting documentation was so vague as to render it unclear whether any time entries were redundant or unnecessary); *Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (reducing by 15 % the total hours requested)

Preliminarily, insofar as Plaintiff challenges Defendants' attorneys' hourly rates as excessive, the undersigned, for the same reasons discussed in the court's earlier D&Os issued with regard to the previous sanctions motions.  To reiterate,  the undersigned found no merit to Plaintiffs' argument that the court should follow the "forum rule" and calculate the fees to be awarded to Defendants based on the local

prevailing hourly attorney rate in Buffalo, rather than based on the prevailing hourly rate for northern New Jersey, where Defendants' lead counsel is located, because Defendants had retained their regular counsel to represent them in this action, *see*, *e.g.*, October 12, 2010 D&O (Doc. No. 305), at 13-14, Defendants were not required to have local counsel prepare and defend Defendants' fee application, *id*. at 14-15, and the hourly rates charged by Defendants' lead counsel were reasonable for the northern New Jersey geographic areas based on hourly rates approved in other actions in that same geographic area, of which the undersigned took judicial notice, *id.* at 15-17. Similarly, in the instant case, the court finds that the hourly rates claimed by Defendants in connection with the instant application are reasonable, and the hourly rates will not be reduced. The number of hours Defendants claim to have expended preparing and defending the fee application are, however, excessive, and are reduced in accordance with the following discussion.

     In particular, the only issues before the court on the instant fee application were whether a subpoena Defendants served, pursuant to Fed.R.Civ.P. 45, on Plaintiff's auditor, Ernst & Young ("E&Y"), seeking documents not previously produced and pertaining to Plaintiff's reserves for warranty or products liability claims relating to the subject closures, manufactured by Defendants' subsidiary prior to its purchase by Plaintiff, was untimely and beyond the scope of the PSA-related subject matter addressed in the March 1, 2011 D&O. There are few citations to any law in the papers Defendants filed in support of the sanctions motion which are also rather brief Specifically, Defendants' papers filed on June 21, 2011 in support of the sanctions motion included a seven page memorandum of law, with the actual legally argument

comprising only four paragraphs, including one paragraph containing what is properly characterized as a boilerplate explanation of the circumstances supporting a motion to compel discovery under Rule 37, Defendants' Memorandum in Support of Motion to Compel Discovery and for Sanctions (Doc. No. 362-1) ("Defendants' Sanctions Motion Memorandum") at 3; two paragraphs addressing why Plaintiff should be compelled to produce the subpoenaed E&Y documents, *id.* at 4-5; with the argument in support of sanctioning both Plaintiff and Plaintiff's counsel contained in a fourth paragraph. *Id*. at 5-6.  Defendants also submitted a six-paragraph declaration from local counsel Edward Bloomberg, Esq. (Doc. No. 362-2), summarizing four attached exhibits, consisting of photocopied documents, in support of the sanctions motion.  The legal argument contained in Defendants' Reply Memorandum in Further Support of Motion to Compel Discovery and for Sanctions (Doc. No. 374) ("Defendants' Sanctions Motion Reply"), filed July 29, 2011, is comprised of seven paragraphs, including a paragraph of boilerplate language regarding the purpose of the rules pertaining to discovery, Defendants' Sanctions Motion Reply at 1; a paragraph setting forth the parties' actions that necessitated the sanctions motion, *id.* at 2; four paragraphs asserting Plaintiff must produce the E&Y documents because the subpoeana was authorized and appropriate, *id.* at 2-3, and Plaintiff was in possession of or had control over the subject documents, *id.* at 3-5; and a single paragraph essentially reiterating Defendant's earlier argument why Plaintiff and its counsel should be sanctioned. *Id*. at 5.  As with Defendants' Sanctions Motion Memorandum, Defendants' Sanctions Motion Reply is light on legal authority in support of its arguments.

Upon reviewing Defendants' papers submitted in support of the sanctions

motion, the court finds the hours claimed in the fee application should be reduced by 50% based on the paucity of legal research involved in preparing the sanctions motion, and the routine nature of the legal argument. As such, Defendants are reimbursed for $ 5, 428.75 for attorneys' fees incurred preparing and defending the sanctions motion.

## **CONCLUSION**

Based on the foregoing, Defendants are awarded in connection with the fee application $ 5,428.75 for attorneys' fees incurred preparing and defending the sanctions motion.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   November 3, 2011
              Buffalo, New York